IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
AT HUNTINGTON

IN RE: THE ESTATE OF LARRY D. BEVINS

CIVIL ACTION NO.: 3:14-cv-27534
Judge Robert C. Chambers

**VERIFIED PETITION FOR APPROVAL
OF SETTLEMENT OF WRONGFUL DEATH CLAIM
and DISTRIBUTION OF SETTLEMENT PROCEEDS,
PURSUANT TO 28 U.S.C. § 2677 and WEST VIRGINIA CODE § 55-7-7**

COME NOW, the Petitioners, TERRA MOORE and KIMBERLY MULLINS, Co-Executrices of the ESTATE OF LARRY D. BEVINS, by counsel, Greene, Ketchum, Farrell, Bailey & Tweel, by Lawrence J. Tweel, and respectfully request this Honorable Court to approve the proposed settlement and compromise of a wrongful death claim asserted on behalf of the ESTATE OF LARRY D. BEVINS, against the UNITED STATES OF AMERICA and the U.S. DEPARTMENT OF VETERANS AFFAIRS (hereinafter "USA"), and request approval of the settlement and distribution of the net settlement proceeds or to have the Court determine the appropriate distribution to the statutory beneficiaries, in accordance with West Virginia Code § 55-7-6, *et seq.*, and Postlewait v. Ohio Valley Med. Ctr., Inc., 214 W. Va. 668, 591 S.E.2d 226 (2003).

The terms of the proposed settlement and the statutory disclosures on behalf of the ESTATE OF LARRY D. BEVINS are set forth below, pursuant to W.Va. Code § 55-7-6, and in support of their Petition, Petitioners state under oath as follows:

1. LARRY D. BEVINS (hereinafter "Larry") was born on December 9, 1952, and died at the age of 58 on the 11th day of June, 2011;

2. By order entered in the Pike Circuit Court in the State of Kentucky on the 29th day of March, 2012, TERRA MOORE and KIMBERLY MULLINS were appointed Co-Executrices of the ESTATE OF LARRY D. BEVINS, a copy of which is attached hereto as "EXHIBIT A";

3. In June 2009, the decedent, LARRY D. BEVINS, received stool screening cards at the VA Medical Center in Huntington, West Virginia. Said cards were returned and identified on July 10, 2009, as 1 of 3 cards being positive for occult blood. Dr. Babu Mattam's records indicate that on July 17, 2009, he entered a note into the record stating "stool occult x1 positive, will consider colonoscopy." This finding was not disclosed to Larry and was not addressed again until June 14, 2010, when a colonoscopy was ordered. Following a barium enema, a repeat colonoscopy revealed an invasive adenocarcinoma. The decedent, LARRY D. BEVINS, passed away on June 11, 2011, from cancer of the colon with metastasis, all the result of the delay in diagnosis and treatment due to the negligence of Dr. Babu Mattam and the USA.

4. On or about February 13, 2013, Jeffery B. Breaux, M.D., F.A.C.P., of the USA notified TERRA MOORE, the daughter and Co-Executrix of the ESTATE OF LARRY D. BEVINS, to come to the CBOC (Community-Based Outreach Center) in Prestonsburg, Kentucky, to discuss the treatment received by LARRY D. BEVINS. Attending that meeting on the 14th day of February, 2013, were the following: Jeffery B. Breaux, M.D., Ms. Terra Moore and Ms. Kathy Moore. Those in attendance were notified of the facts as set forth in Paragraph 3 above;

5. As co-executrices of Larry's estate, TERRA MOORE and KIMBERLY MULLINS, sought legal assistance from Greene, Ketchum, Farrell, Bailey & Tweel to prosecute a claim against the USA. A contract was entered and after investigating the claim and obtaining

2

a medical expert opinion, a Form 95 (CLAIM FOR DAMAGES, INJURY OR DEATH) was filed with the U.S. Department of Veterans Affairs alleging medical malpractice resulting in Larry D. Bevins' death.

6. TERRA MOORE and KIMBERLY MULLINS in their co-fiduciary capacity, after much negotiations, reached a tentative settlement with the USA representative in the amount of Six Hundred Thousand Dollars ($600,000) which has been approved for payment by the U. S. Department of Justice pending this Court's final approval;

7. Because claims arising out of the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (hereinafter "FTCA") are governed by the substantive law of the state where the alleged wrongful conduct occurred, TERRA MOORE and KIMBERLY MULLINS, as co-executrices of Larry's estate, were required to determine the potential distributees under the West Virginia Wrongful Death Act § 55-7-6;

8. West Virginia Code § 55-7-6(b) states that "surviving spouse and children, including adopted children and stepchildren, brothers, sisters, parents and any persons who were financially dependent upon the decedent at the time of his or her death" may be entitled to share in the distribution of the net settlement proceeds;

9. The decedent, LARRY D. BEVINS, was at the time of his death survived by six (6) known beneficiaries as defined by West Virginia Code §55-7-6(b):

        a. TERRA MOORE (daughter of the decedent)
            2163 TURKEY CREEK LANE
            LANGLEY, KY 41645

        b. KIMBERLY MULLINS (daughter of the decedent);
            P.O. BOX 289
            PHYLLIS, KY 41554

        c. RUBY BEVINS (mother of the decedent);
            770 Upper Chloe Crk.
            Pikeville, KY 41501

        d.      WILLIAM BEVINS (brother of the decedent)
                  744 Upper Chloe Crk.
                  Pikeville, KY 41501

        e.      RONALD BEVINS (brother of the decedent)
                  754 Upper Chloe Crk.
                  Pikeville, KY 41501 and

        f.      JAMES BEVINS (brother of the decedent)
                  18660 Highway 172
                  West Liberty, KY 41472

10. Each beneficiary is an adult. No other statutory beneficiaries nor persons financially dependent upon the decedent at the time of death are known by the Petitioners.

11. TERRA MOORE and KIMBERLY MULLINS, as co-executrices of the estate of Larry, firmly believe that a settlement of $600,000 is a fair, just and reasonable settlement and is in the best interests of all affected parties. Petitioners are not aware of any factor that could potentially serve to invalidate the agreement.

12. Pursuant to 28 U.S.C. § 2677, Petitioners have requested that a <u>Postlewait</u> hearing be scheduled in the United States District Court for the Southern District of West Virginia at Huntington for Monday, December 8, 2014 at 11:00 a.m. Petitioners will notify each of the known beneficiaries of the time, date and location of the hearing, attach a copy of the Verified Petition to the notice, and invite the same to attend and be heard regarding the terms of the proposed settlement and the proposed distribution of the net settlement proceeds.

13. Petitioners anticipate that some or all of the known beneficiaries will execute a notarized Consent and Waiver approving the settlement and distribution of the net settlement proceeds and will present the same at the time of the hearing.

14. Petitioners represent to the Court that the only medical bills involved in this claim were those incurred at the Pikeville Medical Center involving chemotherapy treatment and that these bills were never presented to the estate of Larry for payment. These medical bills are now not enforceable by said hospital against the estate of Larry because a timely claim was not filed by the hospital [KRS 396.011(1)].

15. Larry was disabled from other causes before he began treatment for cancer. His monthly income was from a Social Security Disability check in the amount of One Thousand One Hundred Sixty-Three Dollars ($1,163.00).

16. The Petitioners are represented by the law firm of Greene, Ketchum, Farrell, Bailey & Tweel. Petitioners signed a contingency fee contract which provides for an attorney fee of forty percent (40%) of the gross amount of the settlement. However, according to statute, the attorney fee allowable for settlement of an FTCA claim settled prior to suit being filed is twenty percent (20%). See 28 U.S.C. 2678. The Petitioners and Greene Ketchum have agreed on the 20% attorney fee, per statute, in this matter and Petitioners request that the 20% attorney fee be paid from the proceeds of the settlement;

17. The law firm of Greene, Ketchum, Farrell, Bailey & Tweel incurred litigation expenses in the amount of Two Thousand Eight Hundred Eighty-Five Dollars Thirty-one Cents ($2,885.31) during the prosecution of the medical malpractice claim which is reasonable and necessary under the circumstances. Petitioners request that the litigation expenses incurred to date of $2,885.31 and any subsequent costs and expenses which have become known or incurred since the *PETITION* was filed, be paid from the proceeds of the settlement after the deduction of the attorney fee; and

18. The proposed settlement involves payment of the sum of Six Hundred Thousand Dollars ($600,000) in exchange for a full and final release of all claims by TERRA MOORE and

KIMBERLY MULLINS as co-executrices of the ESTATE OF LARRY D. BEVINS. Petitioners request that this Honorable Court approve the settlement and release of the USA.

**WHEREFORE**, the Petitioners, TERRA MOORE and KIMBERLY MULLINS, Co-Executrices of the ESTATE OF LARRY D. BEVINS, request the opportunity to be heard to proffer for the record the terms and conditions of a proposed settlement of a wrongful death claim, including the proposed distribution of the net settlement proceeds relating thereto, and thereafter request approval of the settlement and distribution of the net settlement proceeds or to have the Court determine the appropriate distribution, as provided under W. Va. Code § 55-7-7 [1989] and/or any other remedy this Honorable Court deems fair and just.

> TERRA MOORE and KIMBERLY MULLINS,
> Individually and as Co-Executrices of the
> ESTATE of LARRY D. BEVINS
> BY COUNSEL

/s/ Lawrence J. Tweel
Lawrence J. Tweel, Esq. (WVSB #3825)
GREENE, KETCHUM, FARRELL, BAILEY & TWEEL
PO Box 2389
419 Eleventh Street
Huntington, WV 25724-2389
*Counsel for Petitioners*

The undersigned verify and affirm the statements set forth herein are true and accurate to the best of their knowledge:

11/3/2014
DATE

_Terra Moore_
TERRA MOORE, EXECUTRIX

State of Kentucky;
County of Floyd, to-wit:

I, _Elizabeth Ousley_, a Notary Public in and for the County and State aforesaid, do hereby certify that TERRA MOORE signed before me the writing hereto annexed, bearing the date the 3 day of November, 2014.
Given under my hand this 3 day of November, 2014.
My commission expires 5/29/2017.

_Elizabeth Ousley_
Notary Public

[NOTARY STAMP]

11/3/2014
DATE

_Kimberly Mullins_
KIMBERLY MULLINS, EXECUTRIX

State of Kentucky;
County of Floyd, to-wit:

I, _Elizabeth Ousley_, a Notary Public in and for the County and State aforesaid, do hereby certify that KIMBERLY MULLINS signed before me the writing hereto annexed, bearing the date the 3 day of November, 2014.
Given under my hand this 3 day of November, 2014.
My commission expires 5/29/2017.

_Elizabeth Ousley_
Notary Public

[NOTARY STAMP]

AOC-805
Rev. 10-05
Page 3 of 3

Case No. 12-P-201

IN RE: Estate of _Larry D. Bevins_

**ORDER**

[X] Petition filed this _29th_ day of _March_, 2012

[X] Will tendered this _29th_ day of _March_, 2012

Upon hearing, the Will offered was proven by _Self-Proving_

and **ORDERED PROBATED** as the Last Will and Testament of Decedent this _29th_ day of _March_, 2012

The Court appoints: _Tena Moore and Kimberly Mullins_ as

[X] Executor/Executrix OR [ ] Administrator/Administratrix of said estate and fixes bond in the sum of

$ _2,500.00_ [ ] with surety OR [X] without surety.

Date: _March 29_, 2012

_Judge's Signature_

Distribution:
  Case File
  Revenue Cabinet

**ATTEST**
MAR 29 2012
DAVID DESKINS, CLERK
PIKE CIRCUIT/DISTRICT COURT
BY _____ D.C.

**ENTERED**
MAR 29, 2012
DAVID DESKINS, CLERK
PIKE CIRCUIT/DISTRICT COURT
BY _____ D.C.

EXHIBIT A